IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRYAN S. MICK, Personal Representative of the Estate of PRINT ZUTAVERN, Deceased,<br><br>      Plaintiff,<br><br>vs.<br><br>DEPUTY BARRETT GIBBONS, in his individual and official capacities; DEPUTY LAWRENCE STUMP, in his individual and official capacities; SHERIFF DAN OSMOND, in his individual and official capacities; COUNTY OF CUSTER, a Nebraska political subdivision, d/b/a CUSTER COUNTY SHERIFF'S OFFICE; TRP. SAM MORTENSON, in his individual and official capacities; SGT. MATT WORKMAN, in his individual and official capacities; LT. TIM ARNOLD, in his individual and official capacities; TRP. TREVINO, in his individual and official capacities; TRP. LEVI COCKLE, in his individual and official capacities; TRP. BRANDON WILKE, in his individual and official capacities; CPT. TYLER SCHMIDT, in his individual and official capacities; and JOHN/JANE DOE, a training supervisor of the Nebraska State Patrol, in his/her individual and official capacities,<br><br>      Defendant. | Case No. 4:22-cv-3025<br><br>**REPLY MEMORANDUM SUPPORTING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT** |

**ARGUMENT**

**I.**

**Response to the NSP Defendants (other than SCHMIDT)**

It is accurate that we had not formally moved under Rule 15 for leave to amend. We should not have relied on past experience in being granted leave to amend when referencing, in opposition

briefs, proposed amendments to cure alleged deficiencies. That complacency on the undersigned's part was not intended as arrogance or entitlement, though the undersigned can understand how it could have been interpreted that way. Our respectful hope now is that by a different vehicle – a Rule 59 Motion, with a proposed Amended Complaint provided – the parties and the Court can consider the claims that would have been included in a Rule 15 motion, still early enough in this process that no party is unfairly prejudiced.[1]

As support for their "futility" argument, the NSP Defendants provide *Howard v. City of Pine Bluff*[2], which arose from the police shooting of a 107-year-old man who was upset because he had been told he had to move to a new home. Police had formulated a plan that was intended to be a "no-shoot attempt at resolution," and deployed CS gas as part of that plan in an unsuccessful attempt to persuade the centenarian decedent to exit on his own.[3] Unlike PRINT, the decedent fired on police before they made the decision to enter his room, and then again when police used a flashbang grenade to breach and enter his room – which is when police fired a single shot and killed the decedent.[4]

The NSP Defendants are correct in stating that the *Howard* plaintiff "included allegations that the standoff itself was a seizure that supported liability"[5]; but Defendants omit that the United

---

[1] Rule 26 disclosures have yet to be exchanged. No written discovery has been served yet.

[2] *Howard v. City of Pine Bluff*, 2015 U.S. Dist. LEXIS 166903 (E.D. Ark. 2015).

[3] *Id.* at *8-9.

[4] *Id.* at *11.

[5] Brief in Opposition to Plaintiff's Motion to Alter or Amend the Judgment (Filing #70) at 9-10.

States District Court for the Eastern District of Arkansas did not review the *Howard* case on only its pleadings: it is a summary judgment decision with a factual record. The *Howard* court noted that for the specific actions identified by the plaintiff as assertions of authority, those actions were not directed at the decedent; and that even if the chief's actions constituted an assertion of authority, "the record demonstrates that [the decedent] did not submit to it."[6]

Put otherwise, *Howard* is not an apposite case to support the NSP Defendants' "futility" argument. It is a summary judgment analysis, based on an evidentiary record. The same is true of *Mettler v. Whitledge*[7], which the United States Court of Appeals for the Eighth Circuit reviewed on appeal from an order denying the defense motion for summary judgment, again with the benefit of an evidentiary record. As a secondary argument against qualified immunity, the *Mettler* plaintiff had asked the Circuit to consider whether the seizure occurred when police trapped the decedent in the garage or by sending a police dog to locate him prior to the shooting.[8] The *Mettler* court disposed of that argument not with a bare legal ruling, but by reference to the insufficient evidentiary record: "There is no evidence in the record to support a finding that [the decedent] acquiesced to an assertion of police authority, or that physical contact occurred before [the decedent] shot [the police dog]."[9]

*Moore-Quick v. Jones*[10], cited by this Court in its Memorandum and Order at p. 19, also

---

[6]*Howard* at *18.

[7]*Mettler v. Whitledge*, 165 F.3d 1197 (8th Cir. 1999).

[8]*Id.* at 1203.

[9]*Id.* at 1204.

[10]*Moore-Quick v. Jones*, 909 F.3d 983 (8th Cir. 2018).

featured a summary judgment analysis with the benefit of an evidentiary record, rather than a naked legal determination. So did *McCracken v. Freed*[11], which the NSP Defendants also call attention to in their Brief, as well as *Phillips v. James*[12], and *Ewolski v. City of Brunswick*[13]. All of those cases, cited in the Memorandum and Order and cited again by Custer County Defendants in their Brief, address the "seizure" issue on an evidentiary record via summary judgment analysis.[14] Evaluation of whether a proposed amendment is futile can occur on 12(b)(6) analysis, but all of these cases cited as support of a futility determination had the support of an evidentiary record.[15]

And that should mean something, if only implicitly: these "standoff" cases are not being dismissed on the pleadings, at the first opportunity and with zero leave to amend. The courts that have reviewed these "standoff" cases have at least given those plaintiffs a fair opportunity to conduct discovery and to show whether a seizure occurred before the moment that police shot the plaintiffs' decedents. The undersigned was unable to identify a "standoff" case in which a United States

---

[11]*McCracken v. Freed*, 243 F.App'x 702 (3d Cir. 2007).

[12]*Phillips v. James*, 422 F.3d 1075 (10th Cir. 2005).

[13]*Ewolski v. City of Brunswick*, 287 F.3d 492 (6th Cir. 2002).

[14]It is also true of *Conway v. Batelle*, 2006 U.S. Dist. LEXIS 14239 (E.D. Mo. 2006), which was not cited in this Court's Memorandum and Order, but cited in Custer County Defendants' Brief at 13: *Conway*, too, was disposed of with the benefit of a robust evidentiary record which included (at least) each of the responding officers, the decedent's mother, and neighbors as well as policies and procedures and dispatch recordings.

[15]As did *Escobedo v. City of Fort Wayne*, 2008 U.S. Dist. LEXIS 36852, 2008 WL 1971405 (N.D. Ind. 2008), *aff'd sub nom. Estate of Escobedo v. Bender*, 600 F.3d 770 (7th Cir. 2010), a favorable decision regarding the delineation of "seizure" which NSP Defendants refer to as an "an unpublished district-level decision" (Brief in Opposition to Plaintiff's Motion to Alter or Amend at 15). In fact, the United States Court of Appeals for the Seventh Circuit affirmed that trial court's decision, albeit in an unpublished opinion – the decision is provided at that citation.

4

District Court in this district dismissed on the first motion to dismiss, without leave to amend,

The *Bell Atlantic Corp. v. Twombly*[16] pleading standard "[does] not require[ ] heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Through authority such as *Bell* and *Ashcroft v. Iqbal*[17], which asks for "more than a sheer possibility that a defendant has acted unlawfully," the United States Supreme Court has created real estate between the wording of FED. R. CIV. P. 8, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief", and the practical reality that a "short and plain statement" alone is likely not enough, especially in civil rights cases. Herein, the undersigned senses that the more specificity she tries to impart, the more that specificity can translate into fodder for dismissal.

And yet, courts have trended against dismissal on qualified immunity in this manner, *i.e.*, on dismissal on the pleadings, without any leave to amend and a conclusory finding of futility, with a finding of qualified immunity.[18] "Absent any factual development beyond the allegations in a complaint, a court cannot fairly tell whether a case is 'obvious' or 'squarely governed' by precedent, which prevents us from determining whether the facts of this case parallel a prior decision or not for

---

[16]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

[17]*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[18]*See, e.g., Wesley v. Campbell*, 779 F.3d 421, 433-34 (6th Cir. 2015) (noting that the earliest possible point to resolve a defendant's entitlement to qualified immunity "is usually summary judgment and not dismissal under Rule 12"); *id.* at 433 ("[I]t is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity."); *Moderwell v. Cuyahoga Cty., Ohio*, 997 F.3d 653, 661 (6th Cir. 2021) ("it is generally inappropriate for a . . . court to grant a [12(c) motion for judgment on the pleadings] on the basis of qualified immunity."); *Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001) ("[Q]ualified immunity is typically addressed at the summary judgment stage of the case.").

5

purposes of determining whether a right is clearly established."[19] In his concurrence to *Jacobs v. City of Chicago*[20], Judge Easterbrook distinguished between immunity versus failure to state a claim on which relief may be granted:

> By the plain terms of § 1983, two – and only two – allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.[21] The complaint in *Gomez* contained both allegations, and the Court therefore reversed an order dismissing it under Rule 12(b)(6). *Crawford-El v. Britton*, 523 U.S. 574 (1998), has since insisted that courts not alter the elements or burdens under sec.1983 in the name of immunity. *Cf. Leatherman v. Tarrant County*, 507 U.S. 163 (1993) (no "heightened pleading standard" in § 1983 cases).

Judge Easterbrook concluded that "Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground of dismissal."[22]

The United States Court of Appeals for the Second Circuit further observed that a defendant presenting an immunity defense on a Rule 12(b)(6) motion instead of a motion for summary judgment

> must accept the more stringent standard applicable to this procedural route. Not only must the facts supporting the defense appear on the face of the complaint, but, as with all Rule 12(b)(6) motions, the motion may be granted "only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Thus, the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat

---

[19]*Moderwell*, 997 F.3d at 661 (*quoting* **Guertin v. State of Michigan**, 912 F.3d 907, 6th Cir. 2019)).

[20]*Jacobs v. City of Chicago*, 215 F.3d 758, 775 (7th Cir. 2000).

[21]*Id.* (*quoting and citing* **Gomez v. Toledo**, 446 U.S. 635, 640 (1980)).

[22]*Id.* at 775.

6

the immunity defense.[23]

Was it "beyond doubt" that there was absolutely no set of facts in support of this claim that could entitle the Zutavern family to relief from the NSP Defendants?

Endeavoring to not sound whiny or entitled, it is unusual in the undersigned's experience and research for a serious, non-*pro se* wrongful death/§ 1983 complaint to be dismissed on the first 12(b)(6) motion with no possibility of amendment to cure deficiencies, notwithstanding the good-faith proposal in the brief opposing dismissal to cure deficiencies if leave to amend were granted.[24] It is even more unusual for the Court to raise qualified immunity as a basis for 12(b)(6) dismissal *sua sponte*, when even defense counsel were seemingly content to wait through at least some discovery before filing their qualified immunity motions.

And, the undersigned is not[25] a rogue who has abused this Court's trust or has chronically misbehaved over the preceding 20+ years. This matter may not surpass qualified immunity motions after discovery – many § 1983 cases in the Eighth Circuit do not – but that is not reason to kill it off on the first motion, based on authority developed on a factual record.

We respectfully ask this Court to exercise its discretion, and to please sustain the Motion to Alter or Amend this Court's own judgment by granting leave to file the proposed Amended Complaint.

---

[23]***McKenna v. Wright***, 386 F.3d 432, 436 (2d Cir. 2004) (*quoting **Citibank, N.A. v. K-H Corp.***, 968 F.2d 1489, 1494 (2d Cir. 1992)).

[24]And indeed, the undersigned understands the difference between that and a formal Rule 15 Motion. She really did not intend to be disrespectful or entitled in taking that approach instead of filing a formal Rule 15 Motion.

[25]She hopes.

## II.

### Response to Defendant SCHMIDT

Defendant SCHMIDT correctly observes that there are no allegations that he was involved in a physical seizure of Plaintiff. The proposed Amended Complaint does not change that; it does (we hope) clarify the points of PRINT's submission to SCHMIDT's and MORTENSEN's authority during the course of the NSP operation, for purposes of pleading "seizure." This includes improved clarity regarding when and how SCHMIDT established that authority to begin with (in accord with MORTENSEN, who was working under SCHMIDT's command)[26]; and clarity regarding PRINT's submission thereto.[27]

And, SCHMIDT is essentially correct in noting that Plaintiff is not basing the allegations of the Complaint on supervisory liability. But the Complaint[28], as well as the First Amended Complaint[29], both identified violations by SCHMIDT for failing to prepare for the likelihood that PRINT would do exactly what the NSP Defendants (SCHMIDT included) had been asking him to do, *i.e.*, leave peaceably and submit to emergency protective custody. This is not an issue of supervisory liability, *i.e.*, pure vicarious liability for the actions of people under his supervision; but it is an allegation, properly pled, of SCHMIDT's command failures – which are an allegation of a direct violation, not a supervisory violation.

Beyond this: we would, as respectfully as we can, restate our concerns from above regarding

---

[26]*First Amended Complaint* at ¶¶ 26, 29, 39, 42.

[27]*Id.* at ¶¶ 30-31, 38.

[28]*Complaint* at ¶¶ 35, 36, 37.

[29]*First Amended Complaint* at ¶¶ 45, 46, 47, 38 [sic].

8

the difficult application of qualified immunity to a 12(b)(6) motion.

## Conclusion

Respectfully, MICK asks this Court to SUSTAIN his Motion to Alter or Amend the Judgment, granting leave to file the proposed Amended Complaint in the furtherance of justice.

BRYAN S. MICK, Personal Representative of the Estate of PRINT ZUTAVERN, Deceased, Plaintiff,


By: /s/ *Maren Lynn Chaloupka*
Maren Lynn Chaloupka – NSBA # 20864
Chaloupka Law LLC
1906 Broadway
P.O. Box 1724
Scottsbluff, Nebraska 69363-1724
(308) 270-5091
mlc@chaloupkalaw.net


## **CERTIFICATION OF COMPLIANCE**

I hereby certify this document complies with NEB. CIV. R. 7.1(d)(1). It contains 2305 words, as calculated by the word-count function of WordPerfect, including all text, the caption, headings, footnotes, and quotations.

/s/ *Maren Lynn Chaloupka*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument has been sent via CM/ECF on this 10th day of October 2022, to the following:

Jeffery R. Kirkpatrick
Governmental Law, LLC
8040 Eiger Drive
Suite B
Lincoln, NE 68516
jeff@nrmainc.info

Ryan M. Kunhart
Claire E. Monroe
Dvorak Law Group, LLC
9500 W. Dodge Rd., Ste. 100
Omaha, NE 68114
rkunhart@ddlawgroup.com
cmonroe@ddlawgroup.com

Robert S. Keith
L. Paige Hall
Engles, Ketcham, Olson & Keith, P.C.
1350 Woodmen Tower
Omaha, NE 68102
rkeith@ekoklaw.com
phall@ekoklaw.com

                                                    */s/ Maren Lynn Chaloupka*