IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRYAN S. MICK, Personal Representative of the Estate of Print Zutavern, Deceased;<br><br>            Plaintiff,<br><br>vs.<br><br>DEPUTY BARRETT GIBBONS, in his individual and official capacities; DEPUTY LAWRENCE STUMP, in his individual and official capacities; SHERIFF DAN OSMOND, in his individual and official capacities; COUNTY OF CUSTER, a Nebraska political subdivision; TRP. BRANDON WILKE, in his individual capacity; and JOHN/JANE DOE, training supervisor of the Nebraska State Patrol, in his/her individual and official capacities;<br><br>            Defendants. | 4:22CV3025<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on non-party Nebraska State Patrol's ("NSP") motion to quash. Filing. No. 125. For the reasons stated herein, the motion will be denied.

### BACKGROUND

On December 28, 2023, Plaintiff filed a Notice of 30(b)(6) Videoconferencing Deposition on an unspecified "Defendant." The notice instructed the unspecified "Defendant" to produce for testimony:

> each officer, director, agent and/or other person most knowledgeable in training (including continuing education after completion of the NSP Training

1

Academy) for NSP law enforcement officers (to include Defendant Brandon Wilkie) effective as of February 2, 2023, in the following topics:
   a. Responding to persons experiencing a mental health crisis;
   b. Response to and resolution of events involving barricaded subjects/suspects;
   c. Use of force (non-lethal and lethal);
   d. Police service dogs and dog handling, including in tactical events;
   e. Special Weapons and Tactics and/or SWAT; and
   f. Video recording devices (body-worn, dashboard, robot).

Filing No. 110.

On January 4, 2024, NSP provided Plaintiff's counsel a written objection to the notice of deposition. Filing No. 117. The parties conferred and, soon thereafter, requested a teleconference with the Court, which occurred on January 19. During the teleconference, Plaintiff's counsel informed the Court of her intention to serve a subpoena on NSP (as opposed to a deposition notice) to include the same or similar topics. She sent NSP the subpoena on January 24 and, days later, NSP notified counsel of its objections.

During the January 19 teleconference, the Court advised the parties that, should NSP assert the same objections to the third-party subpoena as it did the deposition notice, it could proceed directly to motion practice. Accordingly, on January 30, NSP filed a motion to quash. NSP asserts the same argument in response to Plaintiff's subpoena as it did to the Rule 30(b)(6) deposition notice— namely, sovereign immunity.

## ANALYSIS

As an instrumentality of the State, NSP argues sovereign immunity shields it from third-party discovery requests like the subpoena at issue here. Filing No. 127. In making this argument, NSP relies on the Eighth Circuit Court of Appeals' decision in *Alltel Comms, LLC v. DeJordy*, 675 F.3d 1100 (8th Cir. 2012). In

*DeJordy* the Eighth Circuit quashed a subpoena holding that the discovery was subject to Indian tribal immunity. *Id.* at 1105.

But as NSP acknowledges, the Eighth Circuit has expressly permitted third-party discovery requests on state entities, which is the issue present here. *See* Filing No. 127, p. 4 *citing Missouri Dep't of Nat. Res.*, 105 F.3d 434 (8th Cir. 1997) ("*Missouri DNR*"). Nonetheless, NSP argues the issue now before the Court is more akin to that presented in *DeJordy* than that presented in *Missouri DNR*. In the alternative, NSP argues that, should this Court conclude *Missouri DNR* is controlling upon this issue, the Eighth Circuit should overrule such finding.[1]

The Eleventh Amendment states: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. Generally, in the absence of consent, a suit against the State or one of its agencies is prohibited by the Eleventh Amendment. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995). Here, NSP contends that a third-party subpoena qualifies as a "suit", and thus, sovereign immunity affords it protection. Filing No. 127.

As noted above, the Eighth Circuit has already considered an argument like NSP's in *Missouri DNR*. There, the district court denied a state agency's motion to quash subpoenas duces tecum served on it by litigants in a case in which the state agency was not a party. *In re Missouri Dep't of Nat. Res.,* 105 F.3d at 435. The agency then proceeded to seek a writ of mandamus directing the district court to vacate its order arguing, in part, that the subpoenas infringed upon Missouri's sovereign immunity. *Id.* at 435-36. The Eighth Circuit denied that request, concluding "[g]overnmental units are subject to the same discovery rules as other

---

[1] In a footnote, NSP "acknowledges that this Court cannot overrule or disregard controlling Eighth Circuit precedent" and advises that it "presents this argument to clearly preserve the issue." NSP is correct. This Court cannot ignore Eighth Circuit precedent and, as such, this order will focus upon whether the matter at hand is governed by *DeJordy* or *Missouri DNR* rather than this Court's prediction of what the Eighth Circuit will do or should do if presented with the issue before the Court.

3

persons and entities having contact with the federal courts." *Id. at* 436 (citing *United States v. Procter & Gamble*, 356 U.S. 677, 681 (1958)). The Court went as far as to say "[t]here is simply no authority for the position that the Eleventh Amendment shields government entities from discovery in federal court." *Id. Missouri DNR*, at the time of this order, remains good law in the Eighth Circuit and is binding in this case.

To avoid *Missouri DNR*'s holding, NSP argues this court should apply the conclusion set forth in *DeJordy*. But these two cases are easily distinguishable. In *DeJordy*, the Ogalala Sioux Tribe moved to quash third-party subpoenas based on tribal immunity. *DeJordy*, 675 F.3d at 1102. The district court denied the motion to quash, relying on *Missouri DNR*. *Id.* at 1104. The Eighth Circuit reversed, holding that "[a]lthough Eleventh Amendment precedents are instructive, tribal immunity, 'is not congruent with that which the Federal Government, or the States, enjoy.'" *Id.* at 1104 (quoting *Three Affiliated Tribes of Fort Berthold Reservation v. Wold Eng'g*, 476 U.S. 877, 890 (1986)). The Eighth Circuit declined to speculate whether sovereign immunity provides protection against "disruptive third-party subpoenas that would clearly be barred in a State's own courts." *DeJordy*, 675 F.3d at 1104-05.

This Court does not conclude, as NSP urges, that *DeJordy* overrules or questions the holding in *Missouri DNR. See also McGehee v. Nebraska Dep't of Corr. Servs.*, No. 4:18CV3092, 2019 WL 1227928 (D. Neb. Mar. 15, 2019), aff'd, 968 F.3d 899 (8th Cir. 2020), reh'g granted and opinion vacated (Oct. 5, 2020), on reh'g, 987 F.3d 785 (8th Cir. 2021), and vacated and remanded, 987 F.3d 785 (8th Cir. 2021). Rather, the Eighth Circuit reached two different conclusions based on two incongruent immunities.

As a final matter, the State argues that sovereign immunity applies if a subpoena compels a state agency to "act in a manner different from that in which the agency would ordinarily choose to exercise its public function," or threatens the state's autonomy. Filing No. 127 at p. 6 citing *DeJordy*, 675 F.3d at 1103. Applying

4

this reasoning here, the State contends that Plaintiff's subpoena, if enforced, would disrupt its autonomy by forcing it to do something it otherwise would not do—namely, prepare and produce witnesses for testimony.[2]

The Court disagrees. A subpoena, by its very nature, compels a party to do something it would not otherwise do. Thus, if that were the standard, the outcome in *Missouri DNR* would be different. But *Missouri DNR's* holding is clear: "[t]here is simply no authority for the position that the Eleventh Amendment shields government entities from discovery in federal court." 105 F.3d at 436.

For the reasons explained above, the holding in *Missouri DNR* controls and the motion is denied.

## CONCLUSION

For the reasons set forth herein, NSP's motion to quash, Filing No. 125, is denied. NSP shall comply with the deposition subpoena served upon it on January 23, 2024 and located at Filing No. 126-1.

IT IS SO ORDERED.

Dated this 6th day of February, 2024.

                                        BY THE COURT:

                                        *s/ Jacqueline M. DeLuca*
                                        United States Magistrate Judge

---

[2] To the extent NSP argues compliance would be an undue burden under the Federal Rules of Civil Procedure, the Court finds the information sought to be relevant, reasonably narrowed in scope, and cannot be obtained from some other source. *See* Fed . R. Civ. P. 26 and 45.