IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRYAN S. MICK, Personal Representative of the Estate of Print Zutavern, Deceased, | 4:22-CV-3025 |
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| DEPUTY BARRETT GIBBONS, et al., | |
| Defendants. | |

This matter is before the Court on the Nebraska State Patrol's objection (filing 133) to the Magistrate Judge's memorandum and order (filing 130) denying the State Patrol's motion to quash (filing 125). The Court will overrule the objection. A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters only where it has been shown that the ruling is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). The Magistrate Judge's ruling here was neither.[1]

---

[1] The State Patrol cites authority for the proposition that denial of a motion to quash may be dispositive in some circumstances, warranting *de novo* review. *See* filing 133 at 3-5 (citing, *e.g.*, *Jones v. PGA TOUR, Inc.*, 668 F. Supp. 3d 907, 916 (N.D. Cal. 2023)). In determining whether a ruling is dispositive, Fed. R. Civ. P. 72 permits the courts to reach common sense decisions, and courts typically consider the impact on the merits of the case. *See Strike 3 Holdings, LLC v. Doe*, 330 F.R.D. 552, 554 (D. Minn. 2019). The Court isn't persuaded that "common sense" supports treating the State Patrol like a true third party here, based mostly on the legal fiction separating the "official" and "individual" capacities of the State Trooper

The Court, in fact, agrees fully with the Magistrate Judge's well-reasoned decision. The State Patrol's argument for sovereign immunity from civil discovery rests primarily on its repeated assertion that the Eighth Circuit's crystal-clear holding to the contrary in *In re Mo. Dep't of Nat. Res.,* 105 F.3d 434, 436 (8th Cir. 1997) ("*Missouri DNR*"), is dicta. But dicta is "a judicial comment made while delivering a judicial opinion . . . that is unnecessary to the decision in the case and therefore not precedential." *United States v. Worthington,* 89 F.4th 1058, 1063 (8th Cir. 2024). A judge's power to bind is limited to the issue before the court, and assumptions and statements of belief about *other* issues aren't holdings, no matter how confident the court may sound. *See Ark. State Conf. NAACP v. Ark. Bd. of Apportionment,* 86 F.4th 1204, 1215-16 (8th Cir. 2023). In contrast, a court *is* bound by both the result of a prior case and those portions of the opinion necessary to the result. *See Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 66-67 (1996).

And *Missouri DNR*'s holding isn't dicta just because it's broader than the State Patrol would like. In that case, the Missouri Department of Natural Resources had investigated the source of water pollution. 105 F.3d at 435. Residents of the area then sued the suspected polluter, who served the Missouri DNR with a subpoena duces tecum seeking documents related to the investigation. *Id.* The Missouri DNR moved to quash the subpoena asserting, among other things, its Eleventh Amendment immunity. *Id.* at 436. But the Eighth Circuit rejected that argument, holding that "[g]overnmental units are subject to the same discovery rules as other persons and entities having contact with the federal courts. There is simply no authority for the position that the

---

who remains a defendant. But it doesn't matter, because the Court would reach the same conclusion regardless of the standard of review.

Eleventh Amendment shields government entities from discovery in federal court." *Id*. (citation omitted).

That's not dicta: It's the plainly stated rule of law that the Court of Appeals applied to conclude that the state defendant's motion to quash was properly denied. *See id*. The State Patrol may disagree with that rule, but any such argument needs to go to the Court of Appeals first. *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003). Nor do the Eighth Circuit's subsequent decisions in *Alltel Commc'ns, LLC v. DeJordy*, 675 F.3d 1100, 1104 (8th Cir. 2012) or *Webb v. City of Maplewood*, 889 F.3d 483, 488 (8th Cir. 2018), undermine *Missouri DNR* in any way. *DeJordy* is plainly distinguishable, for the reasons explained by the Magistrate Judge. *See* filing 30 at 4. And *Webb* stands for the unremarkable procedural proposition that a state party seeking to assert immunity could raise it in a motion to quash—the *Webb* court said nothing about the *merits* of any such motion, which hadn't even been filed yet at that point in that case. 889 F.3d at 488. There is, in short, nothing in the Eighth Circuit's caselaw which authorizes the Court to do anything other than follow *Missouri DNR*. Accordingly,

IT IS ORDERED that the State Patrol's objection (filing 133) is overruled.

Dated this 13th day of March, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge