IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRYAN S. MICK, Personal Representative of the Estate of Print Zutavern, Deceased;<br><br>Plaintiff,<br><br>vs.<br><br>DEPUTY BARRETT GIBBONS, in his individual and official capacities; DEPUTY LAWRENCE STUMP, in his individual and official capacities; SHERIFF DAN OSMOND, in his individual and official capacities; COUNTY OF CUSTER, a Nebraska political subdivision; TRP. BRANDON WILKE, in his individual capacity; and JOHN/JANE DOE, training supervisor of the Nebraska State Patrol, in his/her individual and official capacities;<br><br>Defendants. | 4:22CV3025<br><br>ORDER |

This matter is before the Court on the County Defendants'[1] motion for leave to file summary judgment during the pendency of the interlocutory appeal currently before the Eighth Circuit Court of Appeals. Filing No. 155. The Court held a

---

[1] The "County Defendants" include the County of Custer, Nebraska, Sheriff Dan Osmond, in his individual and official capacities, Sergeant Barrett Gibbons, in his individual and official capacities, and Deputy Lawrence Stump in his individual and official capacities.

1

telephone conference with the parties on February 25, 2025, at which time the pending motion and status of potential case progression was discussed. For the reasons below, the motion will be denied.

This case was originally filed in February 2022 against the County Defendants and various Nebraska State Patrol officers. Filing No. 1. After motion practice, the claims against the Nebraska State Patrol ("NSP") officers, except for Trooper Brandon Wilke in his individual capacity, were dismissed. Filing No. 64. The remaining parties commenced discovery. On January 23, 2024, Plaintiff served a subpoena compelling the non-party NSP to participate in a Fed. R. Civ. P. 30(b)(6) deposition. NSP filed a motion to quash the subpoena which the Court denied on February 6, 2024. NSP's objection to the District Court Judge was overruled on March 13, 2024. Thereafter, NSP filed an interlocutory appeal to the Eighth Circuit Court of Appeals, which is currently pending. Filing No. 142.

County Defendants now seek leave to file a motion for summary judgment despite the pending appeal. They argue the District Court retains jurisdiction over all other matters during the pendency of an interlocutory appeal and has the discretion to allow a summary judgment motion to proceed.

Ordinarily, the filing of a notice of appeal divests the district court of jurisdiction. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeal and divests the district court of its control over those aspects of the case *involved in the appeal*.")(emphasis added); *see also State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999). However, the district court retains jurisdiction over matters not involved in the appeal. *West. Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1229 (8th Cir. 1986). This can include dispositive motions. *Chambers v. Pennycook*, 641 F.3d 898, 904 (8th Cir. 2011). Even so, case progression is within the Court's discretion.

2

*W.F.M., Inc. v. Cherry County, Nebraska*, 279 F.3d 640, 643 (8th Cir. 2002); Fed. R. Civ. P. 16.

In response to the present motion, as well as during the telephone conference on February 25, 2025, Plaintiff identified discovery relevant to the Plaintiff's case that cannot be completed until the interlocutory appeal is resolved, including discovery that Plaintiff believes may impact his case against the County Defendants. *See* Filing No. 159-1. As such, the Court denies the County Defendants' motion for leave to file summary judgment. Even so, the Court observes there may be outstanding discovery that does not touch on the issues on appeal that can be completed while the appeal is pending. If all parties agree, discovery on these issues may continue. If a specific disagreement arises regarding the ability to perform certain discovery while the interlocutory appeal is pending, the parties may contact the Court to hold a conference regarding the disagreement.

IT IS ORDERED:

1. The County Defendants' motion for leave to file summary judgment, Filing No. 155, is denied.
2. The parties shall meet and confer and file a proposed case progression order within 14 days of a mandate from the Eighth Circuit Court of Appeals in Case No. 24-1610.

Dated this 26th day of February, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge