IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BRYAN S. MICK, Personal Representative of the Estate of Print Zutavern, Deceased;

Plaintiff,

vs.

DEPUTY BARRETT GIBBONS, in his individual and official capacities; DEPUTY LAWRENCE STUMP, in his individual and official capacities; SHERIFF DAN OSMOND, in his individual and official capacities; COUNTY OF CUSTER, a Nebraska political subdivision; TRP. BRANDON WILKE, in his individual capacity; and JOHN/JANE DOE, training supervisor of the Nebraska State Patrol, in his/her individual and official capacities;

Defendants.

**4:22CV3025**

**ORDER**

This matter is before the Court on Plaintiff's motion for protective order, Filing No. 200, and non-party Nebraska State Patrol's (NSP) motion for protective order. Filing No. 203. For the reasons below, Plaintiff's motion will be granted and NSP's motion will be denied.

BACKGROUND

Print Zutavern was shot and killed by Trooper Brandon Wilkie of the NSP during a law enforcement operation aimed at getting Mr. Zutavern to a mental health facility. Bryan Mick, the personal representative of the Estate of Mr. Zutavern, sued multiple parties that were allegedly involved in the incident,

including Trooper Wilkie, several other members of the NSP, and the law enforcement associated with Custer County.[1] Filing No. 1. After motion practice, this Court dismissed the claims against Trooper Mortenson, Sergeant Workman, Trooper Cockle, Lieutenant Arnold, Trooper Trevino, and Captain Schmidt. Filing No. 64. The action proceeded against Trooper Wilkie,[2] in his individual capacity, and the County Defendants. The NSP, or any NSP employee in their official capacity, is not a party to this lawsuit.

Discovery commenced but was short lived. This Court denied NSP's motion to quash a Rule 30(b)(6) deposition notice directed at NSP. Filing Nos. 130, 138. That decision was later reversed on interlocutory appeal. Filing Nos. 183, 187, and 188. Thereafter, the parties attempted to resume discovery, with little success.

As is relevant to the present motions, on May 13, 2026, Plaintiff filed and served deposition notices for Trp. Sam Mortenson, Cpt. Tyler Schmidt, Lt. Tim Arnold, and Trp. Carlos Trevino, who are now all non-parties. Filing Nos. 191, 192, 193, and 194. As delineated on the docket, and noted in the briefing, each non-party NSP witness currently noticed for deposition has their own private counsel who entered appearances on behalf of their clients. Even so, the Court was notified of a dispute between Plaintiff and counsel for NSP, not counsel for the individual witnesses, regarding the scope and procedure of individual-capacity depositions. The present motions were filed when the dispute remained unresolved after a telephone conference with the Court. Filing No. 199.

Now before the Court is Plaintiff's motion for protective order in which he seeks an order excluding counsel for NSP, the Nebraska Attorney General's office,

---

[1] This includes the County of Custer, a Nebraska political subdivision, Sheriff Dan Osmond, Deputy Barrett Gibbons, and Deputy Lawrence Stump. Hereinafter, the court refers to these defendants as the "County Defendants."

[2] Trooper Brandon Wilkie, in his individual capacity, is represented by private counsel and not the Nebraska Attorney General's Office.

from attending depositions in this case. Filing No. 200. In contrast, NSP seeks a protective order to "ensure Nebraska's sovereign immunity is not infringed" and to allow counsel for NSP to attend the noticed depositions and assert objections, including directing a witness not to answer. Filing No. 204.

ANALYSIS

"A party or any person from whom discovery is sought" may move for an order protecting it from disclosure of discovery. *See* Fed. R. Civ. P. 26(c). The party moving for the protective order has the burden to demonstrate good cause for issuance of the order. *See* *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No.* 2, 197 F.3d 922, 926 (8th Cir. 1999). Upon a showing of good cause, the court may forbid the discovery or modify the disclosure by specifying the terms or method of discovery. *See* Fed. R. Civ. P. 26(c)(1)(A). The court has broad discretion in determining whether a protective order is warranted and the degree of protection required. *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 362 (8th Cir. 2003).

Here, NSP, a non-party to which no discovery is currently directed, seeks a protective order. While the Court has serious concerns about whether NSP even has standing[3] to seek a protective order, it nevertheless endeavors to get this case moving forward.

Both parties agree that the depositions in question are individual-capacity depositions. Filing Nos. 201 at 6; 204 at 10. There are no Rule 30(b)(6) depositions currently before the Court. Further, NSP agrees that Plaintiff may inquire as to the deponent's understanding of any NSP policy or an interpretation based on the deponent's personal knowledge. Filing No. 204 at 11. Given there is a fundamental qualitative distinction between deposition in an individual capacity and in a 30(b)(6)

[3] NSP is neither a party to this lawsuit nor a person from whom discovery is sought. *See* Fed. R. Civ. P. 26(c).

capacity, the Court sees no basis for the protective order NSP now seeks.[4] The Court agrees with NSP that "the concerns outlined [] are beside the point." The deponents may testify in their individual capacity providing their individual knowledge, perceptions, and opinions.

When reviewing NSP's arguments relating to protecting the State's sovereign immunity—that is its autonomy and treasury—the undersigned is equally unpersuaded. It seems that participating in these depositions would do more to subject the State to the process of a judicial tribunal and interfere with public administration than not participating. *See Mick v. Gibbons*, 171 F.4th 1097, 1105 (8th Cir. 2026) (discussing the disruptive nature of depositions and the taxpayer funded time counsel would necessarily expend). NSP is concerned about being "subjected to legal proceedings at law or in equity without [its] consent", Filing No. 204 at 12 citing *The Siren*, 74 U.S. (7 Wall) 152, 154 (1868), while simultaneously inserting itself into legal proceedings to which they are not a party, and to which all of their employees have outside counsel. Again, these depositions are of non-parties in their *individual* capacities.

Moreover, the undersigned is not convinced how an individual, who does not possess sovereign immunity, could implicate NSP's sovereign immunity by "speaking on behalf of the NSP" when everyone has agreed to the fact that they cannot, in fact, speak on behalf of the NSP by the very nature of the type of deposition. The Court finds NSP's concerns relating to sovereign immunity unfounded. As NSP has failed to show good cause for the issuance of a protective order, the Court denies its motion. [5]

---

[4] Additionally, there is nothing preventing a party from moving to exclude testimony under the Federal Rules of Evidence if Plaintiff (or another party) attempts to argue that an individual's testimony should in some way bind the NSP, who again, is not a Defendant.

[5] NSP requests the Court explicitly order that the deponents are only obligated to address those subjects and matters of which they have personal knowledge. This is inherent in these types of depositions. If the deponent does not know the answer to a question, they

That said, all counsel are reminded that they are required to fully comply with the Federal Rules of Civil Procedure, the Nebraska Rules of Professional Conduct, and this court's local rules. The individual-capacity depositions of NSP employees must be treated as such and may not be treated as 30(b)(6) depositions.

Finally, as the NSP acknowledges, third parties are typically not permitted to attend depositions. Rather, the Supreme Court has recognized that "pretrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law, and in general, they are conducted as private as matter of modern practice." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984) (internal citations omitted). As set forth above, in considering an application for a protective order, the Court's analysis must center on whether it is necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Here, the Court finds that Plaintiff has established good cause for a protective order preventing NSP from attending the upcoming depositions. First, the now non-party witnesses are represented by private counsel. There is no indication that counsel for the witnesses are unable to raise appropriate objections on behalf of their client. Second, at one time, counsel for NSP represented the non-party witnesses and determined that outside counsel was appropriate, leading to their withdrawal. *See* Filing No. 57. While the Court recognizes there are many reasons to hire outside counsel, the history of this case, in combination with the

can validly say, "I do not know." In addition, their counsel can easily object based on foundation. NSP also requests the Court explicitly order that the deponents are not required to engage in specific preparation prior to their depositions. The Court knows of no rule requiring such preparation – like that is required of a Rule 30(b)(6) deposition. Again, if the deponent does not know the answer to the question, they can simply answer in that fashion. Finally, NSP's request that the Court specifically indicate that the deponents cannot testify on behalf of NSP is inherent in the manner in which this deposition was noticed, namely, in their individual capacity.

materials submitted in support of this motion, illustrates the potential of an actual conflict between NSP and the witnesses to be deposed. Besides, there is no purpose for NSP to attend the depositions in question when this Court has already determined NSP's participation in the deposition is improper. *See DeGeer v. Union Pac. R.R. Co.*, 351 F.R.D. 238, 239 (D. Neb. 2026).

Given all the relevant circumstances, the undersigned finds it reasonable to conclude that the presence of counsel of NSP could constitute annoyance, harassment, or oppression sufficient to justify a protective order. Plaintiff has met his burden to show good cause for excluding counsel for NSP from attendance and/or participation in the individual-capacity depositions in this case. Accordingly,

IT IS ORDERED:

1. Plaintiff's motion for protective order, Filing No. 200, is granted as set forth herein.
2. Non-party Nebraska State Patrol's (NSP) motion for protective order, Filing No. 203, is denied as set forth herein.

Dated this 25th day of August, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge